IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JANEE MCCONICO,
    Plaintiff,

vs.                                          Case No.: 3:04cv20/RV/EMT

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon a "Motion for Attorney Fees" and an "Amended Motion for Attorney Fees" filed by Plaintiff's counsel (hereinafter "Petitioner") (Docs. 28, 29) and Defendant's response thereto (Doc. 31). Pursuant to 42 U.S.C. § 406(b), Petitioner seeks attorney's fees for services provided to Plaintiff in connection with Plaintiff's claims for social security disability benefits (Doc. 28 at 1; Doc. 29 at 1–2, Ex. A).

    I.    BACKGROUND

       Petitioner was retained by Plaintiff to represent her in connection with her claims for social security benefits (Doc. 28 at 1). Plaintiff's claims were denied initially and upon reconsideration by the Commissioner of the Social Security Administration ("Commissioner") (*see* Doc. 1). On July 6, 2001, Plaintiff signed a fee agreement with Petitioner in which she agreed that if it were necessary to appeal her claim to federal court, she would pay an attorney's fee of "the greater of: (a) 25% of past due benefits payable to me and my family resulting from my claim; or (b) the EAJA fee approved by the federal court" (Doc. 28, Ex. B).

       On January 2, 2004, Petitioner filed a civil action in this court on Plaintiff's behalf (Doc. 1). Pursuant to this court's order, Plaintiff's claim was remanded on November 19, 2004 to the Commissioner for further proceedings (Docs. 21, 22). On November 30, 2004, Plaintiff filed a

motion for attorney's fees under the EAJA (Doc. 24). Plaintiff's motion was granted, and Petitioner was awarded fees in the amount of $1,506.25 (Docs. 26, 27).

On remand, an administrative law judge ("ALJ") found that Plaintiff was disabled and eligible to receive disability benefits and past-due benefits (Doc. 28 at 3). Petitioner requested an official award notice at least six times between July and November 2006 (*id.* at 1, Ex. E). On November 19, 2006, the Office of Central Operations sent a letter (hereafter "November 19 letter") to Petitioner indicating that it was withholding $8,338.25, "the balance of 25 percent of the past-due benefits," to pay attorney's fees (*id.*, Ex. C). The letter also indicates that the Office of Central Operations previously paid Petitioner "$2337.50 based on a fee agreement approved for a subsequent application" (*id.*, Ex. C). Since the letter states that $8,338.25 is the "balance" of the withheld fees, the letter implies that the *total* withheld fees were $10,675.75 ($8338.25 + $2,337.50), and therefore that Plaintiff's past-due benefits are $42,703.00 ($10,675.75 is 25% of $42,703.00).

On November 27, 2006, after receiving the November 19 letter but before receiving a copy of the official award notice, Petitioner filed a motion for attorney's fees of $8,338.25 (*id.* at 1). The same day, after he filed the motion for attorney's fees, Petitioner received the official award notice (Doc. 29 at 1, Ex. A).[1] The award notice does not indicate the total amount of past due benefits payable to Plaintiff, but it states that the Social Security withheld 25% of Plaintiff's past due benefits in order to pay attorney's fees, and that this amount equals $10,675.75 (*id.* at 1–2, Ex. A at 3). The following day, November 28, Petitioner filed an amended motion for attorney's fees (*id.*).

II.   ANALYSIS

In the instant motions, Petitioner requests an award of fees, pursuant to 42 U.S.C. § 406(b),[2] of $8,338.25 (Doc. 28 at 1; Doc. 29 at 2). Petitioner interprets the November 19 letter and the official award notice as inconsistent with each other (*see* Doc. 29 at 2 n.2) and states that despite the

---

[1] Although the notice is dated October 28, 2006, the envelope in which it was sent is postmarked November 20, 2006 (Doc. 29, Exs. A, B).

[2] Section 406(b) provides, in pertinent part, that
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Case No: 3:04cv20/RV/EMT

larger award, $10,675.75, reflected in the official award notice, Petitioner is requesting an attorney's fee award of the lesser amount, $8,338.25, indicated in the November 19 letter (*id.* at 2).[3] Petitioner states that according to the official award notice, 25% of Plaintiff's past due benefits is $10,676.75 (Doc. 29 at 2, Ex. A at 3) and that he was previously paid an EAJA fee of $1,506.25 (Doc. 28 at 4; *see also* Docs. 26, 27). Petitioner argues that he should be awarded $8,338.25, states that he will refund the EAJA fee of $1,506.25 to Plaintiff, and contends that this total fee is reasonable under the facts of the case and consistent with the agreement between Petitioner and Plaintiff (Doc. 28 at 4, 8–11; Doc. 29 at 2). In particular, Petitioner notes that he spent 12.05 hours litigating Plaintiff's case in this court, that he obtained favorable results for Plaintiff in this case, and that there has been no allegation that his representation was sub-standard (Doc. 28 at 8, 11). Further, Petitioner states that the fee is reasonable because Plaintiff agreed to pay a fee of 25% of her past-due benefits, but if Petitioner's request is granted, Plaintiff will in fact pay only 16% of her past-due benefits (Doc. 29 at 2).[4]

Defendant notes that an award of $8,338.25 would be equivalent to a de facto hourly rate of $691.97 ($8,338.25/12.05 hours)[5] but has no specific objection to the fee requested by Petitioner, and "asks only that a reasonable attorney's fee be awarded to counsel for the work expended on Plaintiff's behalf" (Doc. 31 at 3, 4). Moreover, Defendant states that it is "incumbent on [Petitioner] to refund" to Plaintiff the EAJA fee he was previously awarded (*id.* at 2).

---

[3]Contrary to Petitioner's assertion, it appears that the November 19 letter and official award are consistent, that Petitioner has previously been awarded $2337.50 (*see* Doc. 28, Ex. C), and that he is now requesting the balance of $8338.25.

[4]Petitioner calculates that the total award of past-due benefits is $42,703.00 (because $10,675.75 is 25% of $42,703.00) (Doc. 29 at 2). Petitioner states that if his instant request is granted, he will be awarded $8,338.25 and will refund his EAJA fee of $1,506.25 to Plaintiff (*id.*). Therefore, Petitioner argues that from Plaintiff's perspective, the total amount paid out of her past-due benefits will be $6,832.00 ($8338.25 – $1,506.25), which is approximately 16% ($6,832.00/$42,703.00) of Plaintiff's past due benefits (*id.*). The court notes that the November 19 letter states that Petitioner has previously been paid $2337.50 from Plaintiff's past-due benefits (Doc. 28, Ex. C). Therefore, in fact Plaintiff will pay Petitioner an attorney's fee equal to over 21% of her past-due benefits (($2337.50 previously paid + $8338.25 awarded – $1,506.25 EAJA fee refunded to Plaintiff)/$42,703.00). Further, the court notes that Petitioner does not mention the previous award of $2337.50 or any other fee that he may have been awarded at the administrative level in his instant motion (*see* Docs. 28, 29). In fact, he admits that the instant fee requested to be approved "does not address any fee that may have been approved or requested for the administrative work in this case" (Doc. 28 at 4 n.3).

[5]In fact, if Petitioner has already been awarded $2337.50, the de facto hourly rate would be approximately $886 ($10,675.75/12.05 hours).

Case No: 3:04cv20/RV/EMT

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406.  The EAJA allows for an award of attorney fees against the government when the party seeking fees is the prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds.  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court.  "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits.  § 406(a).  If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00.  Gisbrecht, 535 U.S. at 795.  For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment."  § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." Id.  Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act.  See § 406(b)(1)(A).

In 2002, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling.  Gisbrecht, 535 U.S. at 808–809.  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807.  Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id.

Case No: 3:04cv20/RV/EMT

The Supreme Court did not specifically define the factors that the lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 8665 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350).

In the instant case, the court is persuaded that Petitioner has met his burden of showing that his request for $8,338.25 (in addition to the $2337.50 Petitioner has already been paid, resulting in a total fee award of $10,675.75) in attorney's fees is reasonable. First, the court cannot fault the character of the representation provided by Petitioner in this case. Petitioner has practiced law for over twenty years, during which time he has represented several thousand social security disability benefit claimants (Doc. 28, Ex. D ¶ 2), and no allegation of delay or sub-standard performance exists. In addition, as previously noted, Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff. Next, the request will result in Plaintiff paying Petitioner a total of 21% of her past-due benefits, which is less than the statutory and contract-based maximum of 25% of the

past due benefits. *See* Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970)[6] (finding that § 406 precludes the aggregate allowance of attorney's fees greater than 25% of the past due benefits received by the claimant). Further, although Petitioner's request will yield a de facto hourly rate of $886, the court notes that Defendant does not have any specific objection to the fee requested by Petitioner. Further, a less experienced attorney than Petitioner may have expended significantly more time on Plaintiff's case, and Petitioner should not be penalized for his expertise and efficiency. Finally, in representing Plaintiff on a contingency basis, Petitioner assumed a significant risk that he would recover no fee at all for his services.

Therefore, Petitioner should refund to Plaintiff the previously awarded EAJA fees of $1,506.25 and should be awarded $8,338.25 pursuant to § 406(b).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's motion to award attorney's fees pursuant to 42 U.S.C. § 406(b) (Docs. 28, 29) be **GRANTED**. Petitioner should be awarded attorney's fees in the amount of $8,338.25.

2. That upon receipt of attorney's fees in the amount of $8,338.25 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff the previously awarded EAJA sum of $1,506.25.

At Pensacola, Florida, this 21st day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No: 3:04cv20/RV/EMT

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**